PER CURIAM.
Sweet appeals the order denying his motion for post-conviction relief entered without an evidentiary hearing. We affirm. Sweet’s claim that he was denied his right to counsel at a critical stage because he appeared at a pre-indictment line-up without counsel was previously raised and considered on his direct appeal. Sweet v. State, 296 So.2d 672 (Fla. 1st DCA 1974). Therefore, this claim does not set forth a ground for post-conviction relief. Pitts v. State, 355 So.2d 505 (Fla. 1st DCA 1978). Moreover, under the circumstances presented in this case, Sweet was not entitled to counsel at the line-up. State v. Bragg, 371 So.2d 1080 (Fla. 4th DCA 1979). Accordingly, the order denying Sweet’s motion for post-conviction relief without an evidentia-ry hearing is affirmed.
McCORD, Acting C. J., and LARRY G. SMITH and SHIVERS, JJ., concur.